# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

PAUL M. NELSON, )
)
        Petitioner, )
)
v. ) **Case No. CIV 13-524-JHP-KEW**
)
JIM FARRIS, Warden, )
)
        Respondent. )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2241. Petitioner, a former inmate of the Oklahoma Department of Corrections (DOC), challenges the administration of his sentence in Pittsburg County District Court Case No. CRF-2009-414.[1]

The record shows that on December 22, 2009, the Pittsburg County District Court entered a Judgment and Sentence in Case No. CRF-2009-414, sentencing petitioner to a term of five years. On July 7, 2011, with 583 days remaining to be served, the court amended the Judgment and Sentence to suspend the remainder of the sentence. On that same date, the DOC stopped crediting petitioner's service time for Case No. CRF-2009-414.

At the time petitioner's sentence was suspended, he was serving a concurrent sentence for his conviction in Pittsburg County District Court Case No. CRF-1996-776. He continued to be credited for time served on CRF-1996-776.

On March 20, 2013, the Pittsburg County District Court revoked petitioner's suspended sentence in Case No. CRF-2009-414, leaving him with 583 days left to serve. Petitioner alleges the stop date for CRF-2009-414 should have been August 16, 2011, which

---

[1] Petitioner was discharged from custody on January 14, 2014. *See* Docket No. 7-5.

was the date on the Certificate of Service for the Amended Judgment and Sentence, rather than July 7, 2011, the date the document was filed.

The respondent alleges petitioner has failed to exhaust his available state remedies. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). Furthermore, "[a] habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Monte v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731).

Petitioner alleges he contacted Kevin Moore, the coordinator of the DOC Offender Records Unit. Mr. Moore sent petitioner a letter dated July 12, 2013, advising that the date petitioner's sentence was modified by the Amended Judgment and Sentence determined the date his time for CRF-2009-414 was stopped by the Records Officer at his facility. (Docket No. 1 at 10). The date the facility received documentation of petitioner's sentence modification was not relevant. *Id*.

The record also shows that petitioner has failed to seek relief through the inmate grievance procedure. According to an affidavit by Mark Knutson, DOC Manager of the Administrative Review Authority, petitioner has filed no grievances with the DOC, and he therefore has failed to properly exhaust his administrative remedies. (Docket No. 7-2). For this reason, the court finds the petition must be dismissed.

The court further finds petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus (Docket No. 7) is GRANTED, and this action is, in all respects,

DISMISSED WITHOUT PREJUDICE for his failure to exhaust the administrative remedies for his claim. Furthermore, petitioner is DENIED a certificate of appealability.

DATED this 30th day of September 2014.

James H. Payne
United States District Judge
Eastern District of Oklahoma